| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Dean L. Semer, Esq.<br>Semer Law Firm, LLC<br>49 Cliffwood Avenue, Suite 1C<br>Cliffwood, NJ 07721<br>Phone: (732) 497-6883<br>Fax: (732) 497-6884<br>Attorney for Creditor Hyde Park Association, Inc. | |
| In Re:<br><br>Edwin R. Henry<br><br><br><br>Debtor | Case No.:    25-19164-MEH<br><br>Chapter:    13<br><br>Hearing Date: November 12, 2025<br><br>Judge:    Mark Edward Hall |

## OBJECTION TO CONFIRMATION OF PLAN

Creditor Hyde Park Association, Inc., ("Association") by its counsel, Dean L, Semer, Esq. states the following grounds as Objection to the Confirmation of Debtor's Chapter 13 Plan ("Plan"):

1. Debtor Edwin R. Henry is the Unit Owner of 89 Cheyenne St. Asbury Park, New Jersey.

2. Creditor Hyde Park Association, Inc. is a condominium association established pursuant to its Master Deed and By-Laws, which were recorded with the Monmouth County Clerk on April 30, 1997, in Deed Book 5595, Pg. 617, et. seq.

3. Hyde Park is **Claim #8** in the Claims Register. Debtor's pre-petition claim is $4,290.55 in which **$4,014.55** is Secured.

4. Debtor filed a Chapter 13 Plan (**Doc. 2**) on September 1, 2025.

    a. Part 1b indicates that Debtor intends to make plan payments from future earnings. Part 4, Section 21 indicates that Debtor's income is a "Government Pension" with an amount listed as "unknown". Part 4, Section 23 indicates that Debtor has a

1

"Retirement Annuity" with an amount listed as "unknown". It is unclear if there are sufficient future earnings.

    b. Debtor lists a certain amount of money as his income to date for this year, but the source is unclear. The amount does not match the amount of his pension.

    c. Part 4a does not list the Association as having a secured claim.

5. Concerning the Debtor's petition:

    a. The Association is not listed as a creditor.

    b. The Association is not listed as an on-going expense and monthly cost.

    c. 89 Cheyenne Street is owned by Debtor Edwin R. Henry and Yolanda D. Henry, Husband and Wife. **(See attached)** Debtor indicated that only he has an interest in the unit.

6. The Association considers it a hardship that Debtor is not intending to maintain Debtor's obligations to the Association.

7. The Association objects to the confirmation of the Plan as the Association is not included in the plan and not included in Debtor's ongoing obligations.

9/24/25　　　　　　　　　　　　　　　/s/ Dean L. Semer
Dated　　　　　　　　　　　　　　　　Dean L. Semer, Esq.

JUN 21 2007



Prepared by: _____
GEORGE CIERI, ESQUIRE

207649

**DEED**

This Deed is made on JUNE 19th 2007.

**BETWEEN, MIGUEL J. EVANGELHO and JULIE EVANGELHO, husband and wife,** whose address is 89 Cheyenne Street, Tinton Falls, New Jersey 07753, referred to as the Grantor,

**AND EDWIN R. HENRY and YOLANDA D. HENRY, husband and wife,** about to reside at 89 Cheyenne Street, Tinton Falls, New Jersey 07753, New Jersey, referred to as the Grantee.
The words "Grantor" and "Grantee" shall mean all Grantors and all Grantees listed above.

**Transfer of Ownership.** The Grantor hereby grants and conveys (transfers ownership of) the property described below to the Grantee. This transfer is made for the sum of THREE HUNDRED SIXTY-FOUR THOUSAND DOLLARS AND 00/100 ($364,000.00).

The Grantor acknowledges receipt of this money.

**Tax Map Reference.** (N.J.S.A. 46:15-2.1) Municipality of Tinton Falls, Block No. 124.61, Lot No. 2.

**Property.** The property consists of the land and all of the buildings and structures on the land in the Borough of Tinton Falls, County of Monmouth, and State of New Jersey. The legal description is: See Schedule A attached hereto and made a part hereof.

Being commonly known as 89 Cheyenne Street, Tinton Falls, NJ.

Being the same premises conveyed to the grantors herein by Deed of Hovbilt, Inc. dated January 11, 1999, and recorded on March 2, 1999, in the Monmouth County Clerk's Office in Deed Book 5801, at Page 239.

**Promises by Grantor.** The Grantor promises that the Grantor has done no act to encumber the property. This promise is called a "covenant as to grantor's act" (N.J.S.A. 46:4-6). This promise means that the Grantor has not allowed anyone else to obtain any legal rights which affect the property (such as by making a mortgage or allowing a judgment to be entered against the Grantor).